David N. Lake, State Bar No. 180775
**LAW OFFICES OF DAVID N. LAKE,**
 **A Professional Corporation**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 788-5199
david@lakelawpc.com

Brian M. Felgoise, Esq., PA Bar No. 72792
(*pro hac vice* pending)
**FELGOISE LAW FIRM**
The Pavillion – Suite 518
261 Old York Road
Jenkintown, PA 19046
Telephone: (215) 886-1900
Facsimile:   (215) 886-1909
felgoiselaw@verizon.net

Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TELEBRANDS, CORP., a New Jersey corporation; DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO.: 2:16-cv-8046<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) Violation of the Unfair Competition Law California Business and Professions Code §17200 et seq.;**<br><br>**(2) Violation of the Consumer Legal Remedies Act California Civil Code §1750 et seq.;**<br><br>**(3) Breach of Express Warranty; and**<br><br>**(4) Unjust Enrichment**<br><br>    *JURY TRIAL DEMANDED* |

1
CLASS ACTION COMPLAINT

Plaintiff, Lorena Hernandez ("Hernandez" or "Plaintiff") brings this action on behalf of herself and all others similarly situated against defendant, Telebrands, Corp. ("Telebrands" or "Defendant"), and states:

## NATURE OF ACTION

1. Telebrands, upon information and belief, manufactures, markets and sells a type of product to allegedly clean peoples' ears called the Smart Swab™ ("Smart Swab"). Through an extensive and comprehensive nationwide marketing campaign, Telebrands claims the Smart Swab will provide to anyone who uses it "Easy Earwax Removal" as "it's simply the best way to clean your ears." The specific claims made by Telebrands are the following:

    (a) Clean your ears quickly;

    (b) Latches onto ear wax and removes efficiently;

    (c) Simple twist latches onto wax; and

    (d) The easy and safe way to clean your ears.

## PARTIES

2. Lorena Hernandez is, and at all times relevant hereto was, a resident of the State of California, County of Los Angeles and who purchased a Smart Swab on September 12, 2016. Lorena Hernandez purchased the Smart Swab at Bed Bath & Beyond in Huntington Beach, California.

3. Telebrands Corp. ("Telebrands") is, upon information and belief, a New Jersey Corporation that markets the Smart Swab throughout the United States, including in the State of California.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which some of the members of the class of

plaintiffs are citizens of states different from defendant Telebrands. Further, greater than two-thirds of the class members reside in states other than the state in which Telebrands is a citizen.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district and because Telebrands:

(a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products (including Smart Swab) in this district;

(b) does substantial business in this district; and

(c) is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff purchased the Smart Swab product to clean her ears based on the representations made by Telebrands about the Smart Swab.

7. The Smart Swab did nothing to clean Plaintiff's ears.

8. Defendant made some deceptive and misleading representations regarding the Smart Swab.

9. The specific claims made by Telebrands are the following:

(a) Clean your ears quickly;

(b) Latches onto ear wax and removes efficiently;

(c) Simple twist latches onto wax; and

(d) The easy and safe way to clean your ears.

10. Plaintiff was harmed by Defendant's unfair and deceptive representations of the Smart Swab.

11. Plaintiff Lorena Hernandez, like many unsuspecting consumers nationwide, fell victim to Defendant's deceptive and unlawful conduct and

3

CLASS ACTION COMPLAINT

purchased a Smart Swab without knowing that, as a practical matter, the product would not work.

## CLASS DEFINITION AND ALLEGATIONS

12. Plaintiff brings this action on behalf of herself and members of a Class defined as:

> All persons who purchased Smart Swab in the United States. Excluded from the Class are defendant and its officers, directors and employees and those who purchased Smart Swab for the purpose of resale.

13. *Numerosity.* The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains hundreds of thousands of members. The precise number of Class members is unknown to Plaintiff. The true number of Class members is known by the defendant, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

14. *Existence and Predominance of Common Questions of Law and Fact.* Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) Whether Telebrands had adequate substantiation for its claims prior to making them;

(b) Whether the claims discussed above are true, or are misleading, or reasonably likely to deceive;

(c) Whether Telebrands' alleged conduct violates public policy;

(d) Whether the alleged conduct constitutes violations of the laws asserted;

(e) Whether Telebrands engaged in false or misleading advertising;

(f) Whether Plaintiff and the Class members have sustained monetary loss and the proper measure of that loss;

(g) Whether Plaintiff and the Class members are entitled to an award of punitive damages; and

(h) Whether Plaintiff and the Class members are entitled to declaratory and injunctive relief.

15. **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class in that the defendant was unjustly enriched as a result of plaintiff's and the Class' respective purchases of Smart Swab.

16. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

17. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding,

economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

18.  In the alternative, the Class may also be certified because:

(a)  The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for the defendant;

(b)  The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)  Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

19.  Unless a Class is certified, defendant will retain monies received as a result of its conduct that was taken from plaintiff and Class members.  Unless a Class-wide injunction is issued, defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## COUNT I

**Violation of the California Unfair Competition Law,**

**California Business & Professions Code §17200, *et seq.***

**(Against Defendant and Certain Doe Defendants)**

20.  Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

21.  Plaintiff brings this claim individually and on behalf of the Class.

6

CLASS ACTION COMPLAINT

22. As alleged herein, plaintiff has suffered injury in fact and lost money or property as a result of defendant's conduct because they purchased Smart Swab.

23. The Unfair Competition Law, Business & Professions Code §17200, *et seq.* ("UCL"), prohibits any "unlawful", "fraudulent", or "unfair" business act or practice and any false or misleading advertising. In the course of conducting business, defendant committed unlawful business practices by, *inter alia*, making the representations (which also constitutes advertising within the meaning of §17200, *et seq.*, California Health & Safety Code §110390, *et seq.*, 21 U.S.C. §301, *et seq.*, and the common law).

24. Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

25. Defendant's actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, defendant engages in false advertising, misrepresents and omits material facts regarding its shipping services, and thereby offends an establish public policy, and engages in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

26. As stated in this Complaint, plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws, resulting in harm to consumers. Defendant's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, *et seq.*

27. There were reasonably available alternatives to further Telebrands' legitimate business interests, other than the conduct described herein.

28. Business & Professions Code §17200, *et seq.* also prohibits any "fraudulent business act or practice."

7
CLASS ACTION COMPLAINT

29. Telebrands' actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, were false, misleading and likely to deceive the consuming public within the meaning of Business & Professions Code §17200, *et seq*.

30. Plaintiff and other members of the Class have in fact been deceived as a result of their reliance on defendant's representations and omissions. This reliance has caused harm to Plaintiff and other members of the Class. Plaintiff and other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

31. As a result of its deception, defendant has been able to reap unjust revenue and profit.

32. Unless restrained and enjoined, defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

33. Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution and disgorgement of all money obtained from plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting defendant from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## COUNT II
**Violations of the Consumers Legal Remedies Act,**
**California Civil Code §1750** *et seq.*
**(Against Defendant and Certain Doe Defendants)**

34. Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

35. Plaintiff brings this claim individually and on behalf of the Class.

36.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.,* (the "Act").  Plaintiff is a consumer as defined by California Civil Code §1761(d).  Smart Swab™ is goods within the meaning of the Act.

37.     Telebrands violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with plaintiff and the Class which were intended to result in, and did result in, the sale of the Smart Swab™:

- Representing that Smart Swab "[has]…approval, characteristics,… uses [or] benefits… which they do not have…."  Civ. Code § 1770(a)(5)

- Representing that Smart Swab is "of a particular standard, quality or grade… if they are of another."  Civ. Code § 1770(a)(7)

- "Advertising goods…with intent not to sell them as advertised."  Civ. Code § 1770(a)(9)

- Representing that Smart Swab "has been supplied in accordance with a previous  representation when [they have] not."  Civ. Code § 1770(a)(16)

38.     Telebrands violated the Act by representing through its advertisements the Smart Swab as described above when it knew, or should have known, that the representations and advertisements were unsubstantiated, false and misleading.

39.     Pursuant to California Civil Code §1782(d), plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of defendant and for restitution and disgorgement.

40.     Pursuant to §1782 of the Act, by letter dated September 23, 2016, Plaintiff notified defendant in writing by certified mail of the particular violations of §1770 of the Act and demanded that defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to

9
CLASS ACTION COMPLAINT

so act.  Said letter was received by Defendant on September 27, 2016.  A copy of the letter dated September 23, 2016, is attached hereto as "Exhibit A."

41.     If defendant fails to rectify or agree to rectify the problems associated with the actions detailed above or give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act, plaintiff can request actual, punitive and statutory damages, as appropriate.

42.     Defendant never answered the aforementioned letter nor agreed to rectify the problems associated with the Smart Swab within 30 days upon receipt of the written notice.

43.     Plaintiff has incurred attorneys' fees and costs in connection with the filing of this Complaint and anticipates incurring additional attorneys' fees and costs in connection with the prosecution of this action.  An award of attorneys' fees and reimbursement of costs is therefore appropriate pursuant to among other grounds, Civil Code, Section 1780(d).

44.     Plaintiff maintains that defendant acted with malice, fraud and oppression, and in conscious disregard of plaintiff and Class members so as to entitle them to punitive damages.

## COUNT III

### Breach of Express Warranty

### (Against Defendant and Certain Doe Defendants)

45.     Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

46.     Plaintiff brings this claim individually and on behalf of the Class.

47.     Plaintiff, and each member of the Class, formed a contract with defendant at the time plaintiff and the other members of the Class purchased the Smart Swab.  The terms of that contract include the promises and affirmations of fact made by Telebrands on the Smart Swab packaging and through its marketing

10

campaign, as described above. This product packaging and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between plaintiff and the members of the Class on the one hand, and Telebrands on the other.

48. All conditions precedent to Telebrands' liability under this contract has been performed by Plaintiff and the Class.

49. Telebrands breached the terms of this contract, including the express warranties, with plaintiff and the Class by not providing the Smart Swab which could provide the benefits described above.

50. As a result of Telebrands' breach of its contract, plaintiff and the Class have been damaged in the amount of the purchase price of the Smart Swab they purchased.

## COUNT IV

### Unjust Enrichment

### (Against Defendant and Certain Doe Defendants)

51. Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

52. Defendant has received and will continue to receive a benefit at the expense of Plaintiff and class members.

53. Defendant knowingly and/or recklessly sold the Smart Swab product knowing that the product could not have possibly cleaned anyone's ears.

54. As a direct and proximate result of Defendant's unlawful acts and conduct, Plaintiff and Class Members were deprived the use of their money that was unlawfully charged and collected by Defendants, and are therefore entitled to reimbursement and disgorgement of any money unjustly paid to Defendant in connection with the sale of the Smart Swab product.

# PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

    A.    Certifying the Class as requested herein;

    B.    Awarding Plaintiff and the proposed Class members damages;

    C.    Awarding restitution and disgorgement of Telebrands' revenues to Plaintiff and the proposed Class members;

    D.    Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining defendant from continuing the unlawful practices as set forth herein, and directing defendant to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by defendant by means of any act or practice declared by this Court to be wrongful;

    E.    Awarding Plaintiff and proposed Class members punitive damages;

    F.    Ordering Telebrands to engage in a corrective advertising campaign;

    G.    Awarding attorneys' fees and costs; and

    H.    Providing such further relief as may be just and proper.

# JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: October 28, 2016        LAW OFFICE OF DAVID LAKE

                            By: ___/s/ *David N. Lake*_____
                                  David N. Lake, Esquire
                                  Attorneys for Plaintiff

# EXHIBIT A